NIMACA SHOE FACTORY INC. ET AL., Plaintiffs and Appellees, v. NICOLÁS MANRIQUE CARTAGENA ET AL., Defendants and Appellants.

No. 4806. Argued March 11, 1929.—Decided March 13, 1929.

*Hugh R. Francis* for the appellants. *F. Soto Gras* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

A motion has been made in this court that the appeal taken by the defendants be dismissed as frivolous.

The Nimaca Shoe Factory Inc. and three of its directors sued Nicolás Manrique Cartagena and Mauro Fernández for delivery of the property of the said corporation in the possession of the defendants, one as superintendent of the manufacturing department and the other as the manager of its property, alleging that at a meeting of the board of directors attended by all of its members, among them defendant Cartagena, it was resolved to discharge the defendants from their positions, requiring them to deliver the property of the corporation to the three plaintiff directors or to the corpora-

tion so as to place it in the custody of the three directors, it being ordered also that the new manager who was appointed should take possession of the property of the corporation, but that the defendants have refused to deliver the said property. The complaint was sworn to by the three plaintiff directors.

The defendants appeared by making several motions which were overruled and asking for extensions of the time in which to answer, but did not answer, and after their default was noted the court, at the instance of the plaintiffs, rendered judgment against the defendants based on subdivision 2 of section 194 of the Code of Civil Procedure and on the fact that the complaint was verified.

The appellants filed the transcript of the record for the purpose of the appeal on the 1st of December, 1928, and after being granted several extensions of time for filing their brief they presented it on February 19 and a few days later the motion to dismiss under consideration was made.

The only ground alleged by the appellants in support of their appeal is that the judgment was rendered by the court without hearing the evidence of the plaintiffs to prove the averments of the complaint. The appellants limit their argument in support of this alleged error to saying in a few words that if in a case of this kind the plaintiffs are relieved from presenting evidence, that fact should be made known by a decision of this court, as the practice has been always to present evidence and the mere fact that the complaint is verified does not affect the question because the law does not distinguish between verified and unverified complaints in cases of this kind. This is all of the brief of the appellants.

It is provided in subdivision 2 of section 194 of the Code of Civil Procedure for cases like the present one that if no answer has been filed within the time specified in the summons or any extended time the clerk must enter the default of the defendant; and thereafter the plaintiff may apply at the first or subsequent term of the court for the relief de-

manded in the complaint; and that if the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose, or if, to determine the amount of damages, the examination of a long account be involved, by a reference as above provided. Consequently, as the facts of the complaint are sworn to by the three plaintiff directors of the corporation and the defendants were required to deliver the property which had been intrusted to them for its management in compliance with a resolution of the board of directors of the said corporation, the court could render the judgment appealed from without hearing evidence; therefore the only ground alleged in support of this appeal being frivolous, it must be dismissed.